UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM R. MITCHELL<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER<br>    Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-10844-MLW<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS**

This memorandum is submitted in support of Luis Spencer's (the respondent) Motion to Dismiss the habeas corpus petition filed by William R. Mitchell (the petitioner) on the ground that it is time barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

**PRIOR PROCEEDINGS**

Petitioner was indicted in Essex County on May 23, 1990 for murder in the second degree. (See S.A. 4).[2] On November 11, 1991, he was convicted of this crime and given a life sentence. (See S.A. 7). On February 28, 1995 the Massachusetts Appeals Court affirmed his conviction. *Commonwealth v. Mitchell*, 38 Mass. App. Ct. 184; 646 N.E.2d 1073 (1995). The Massachusetts Supreme Judicial Court denied petitioner's application for leave to obtain further

---

[1] Since it is clear from the face of the petition and the docket sheets that this motion is time barred, the respondent will not answer the petition, or claim any affirmative defenses. If this court determines that this petition is not time barred, the respondent respectfully requests thirty days from the date of receipt of this decision to answer the merits of the petition and plead affirmative defenses.

[2] The respondent will file a separate supplemental appendix containing the docket sheets that support his arguments in this motion.

appellate review on April 24, 1995. *Commonwealth v. Mitchell*, 420 Mass. 1101; 420 N.E.2d 1285 (1995).

On July 21, 1997, petitioner moved for a new trial in the Essex County Superior Court which was denied on August 25, 1997. (See S.A. 1). On April 2, 1998, petitioner filed a second motion for a new trial that was denied by the Essex Superior Court on July 2, 1998. (See S.A. 2). The Massachusetts Appeals Court affirmed the dismissal of petitioner's two motions for new trial on February 25, 2000. *Commonwealth v. Mitchell*, 48 Mass. App. Ct. 1121; 724 N.E.2d 752 (2000). The petitioner filed a third motion for new trial on September 18, 2000. (See S.A. 4). This motion was denied by the Essex County Superior Court on August 7, 2001. (See S.A. 6). The Massachusetts Appeals Court affirmed this denial in an unpublished opinion pursuant to MASS. R. APP. PRAC. 1:28 on February 26, 2003. *Commonwealth v. Mitchell*, 57 Mass. App. Ct. 1110; 784 N.E.2d 50 (2003). The Supreme Judicial Court denied the petitioner's application for further appellate review on April 2, 2003. *Commonwealth v. Mitchell*, 439 Mass. 1102; 786 N.E.2d 395 (2003).

On April 21, 2004, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of his motion to dismiss.

## ARGUMENT

**PETITIONER'S HABEAS CORPUS PETITION MUST BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d), as amended by the AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For convictions that became final before the effective date of AEDPA, there is a one year grace period in which to file a habeas claim. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir., 1999).

The Massachusetts Supreme Judicial Court denied petitioner's motion for further appellate review on April 24, 1995. *Mitchell*, 420 Mass. 1101; 420 N.E.2d 1285. Allowing ninety days for time to file a petition for a writ of certiorari to the United States Supreme Court, the petitioner's conviction became final on July 24, 1995. *See* 28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Gaskins*, 183 F.3d at 9. The petitioner had one year from that date, or until April 25, 1997, to either file his federal habeas petition or a post-conviction motion that would toll the statute of limitations period. The petitioner did not file a

post-conviction motion until July 21, 1997, nearly three months after the one year grace period had expired. Therefore, this petition is barred by the one-year statute of limitations.[3]

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

    Respectfully submitted,
    THOMAS F. REILLY
    Attorney General

    /s Susanne G. Reardon
    Susanne G. Reardon, BBO # 561669
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2832

Date: July 8, 2004

---

[3] Petitioner's claim that he discovered the legal predicate for his claims after the one-year grace (presented in his application for authorization for a second and successive petition) does not excuse the late presentation of his petition. By its plain language, the term "factual predicate" refers to the historical facts that would form the basis of a habeas petition, not new court decisions which would form the basis of a petition. Therefore, "factual predicate" has been interpreted to mean historical or evidentiary facts, not the recognition of the legal significance of facts or court decisions. *Brackett v. United States*, 270 F.3d 60, 69 (1st Cir., 2001).

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served on William R. Mitchell, pro se, P.O. Box 43, Norfolk, MA 02056 by first class mail, postage prepaid, on July 8, 2004.

    /s Susanne G. Reardon
Susanne G. Reardon
BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832