```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

WILLIAM R. MITCHELL,           )
     Petitioner,               )
                               )
     v.                        )    C.A. No. 04-10844-MLW
                               )
LUIS SPENCER,                  )
     Respondent.               )
```

                       MEMORANDUM AND ORDER

WOLF, D.J.                                          August 19, 2005

I.   BACKGROUND

    The petitioner William R. Mitchell filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his 1991 conviction by an Essex County Superior Court jury on one count of murder in the second degree. He argues that his conviction is unlawful because he was deprived of the due process of law by an allegedly improper jury instruction on the standards for a charge of manslaughter. More specifically, he contends that the trial judge erred by not instructing the jury that to obtain a murder conviction the Commonwealth of Massachusetts has the burden of proving, beyond a reasonable doubt, that he did not act on reasonable provocation.

    On November 11, 1991, Mitchell was sentenced to life in prison. He filed a timely notice of appeal on November 20, 1991, and his conviction was affirmed by the Massachusetts Appeals Court on February 28, 1995. Commonwealth v. Mitchell, 38 Mass. App. Ct. 184 (Mass. App. Ct. 1995). The Supreme Judicial Court (the "SJC") denied Mitchell's application for further appellate review on April

24, 1995. Commonwealth v. Mitchell, 420 Mass. 1101 (1995).

Mitchell moved for a new trial in the Essex County Superior Court on July 21, 1997 and this motion was denied on August 25, 1997. See Government's Supplemental Appendix ("S.A.") at 4. On April 2, 1998, Mitchell filed a motion for reconsideration and an amended motion for a new trial, which were both denied by the Essex County Superior Court on July 2, 1998. See S.A. at 5. The Massachusetts Appeals Court affirmed the dismissal of Mitchell's two motions for a new trial on February 25, 2000. Commonwealth v. Mitchell, 48 Mass. App. Ct. 1121 (2000). Mitchell's third motion for a new trial, filed on September 18, 2000, was denied by the Essex County Superior Court on August 7, 2001. See S.A. at 6. That denial was affirmed by the Massachusetts Appeals Court on February 26, 2003. Commonwealth v. Mitchell, 57 Mass. App. Ct. 1110 (2003). Finally, the SJC denied Mitchell's renewed application for further appellate review on April 2, 2003. Commonwealth v. Mitchell, 439 Mass. 1102 (2003).

Mitchell filed the instant petition on April 21, 2004. The respondent Luis Spencer (hereinafter "the government") filed a Motion to Dismiss the petition as time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "ADEPA"), Pub. L. No. 104-132, 110 Stat. 1217 (codified in relevant part at 28 U.S.C. §2244). The government attached a supplemental appendix to its Motion to Dismiss containing the dockets for the relevant

state court proceedings. Mitchell filed an opposition to the Motion to Dismiss, arguing that his petition was not time-barred because the AEDPA's one year statute of limitations for filing habeas petitions did not begin to run in this case until July 2, 1998, when the SJC decided a "new" case concerning erroneous jury instructions in a manslaughter charge. See Commonwealth v. Acevdeo, 427 Mass. 714. 715-17 (1998). Mitchell contends that the AEDPA's limitations period should run from July 2, 1998 because, alternatively, this is "the date on which the constitutional right asserted [by Mitchell] was initially recognized," 28 U.S.C. §2244(d)(1)(C), or, "the date on which the factual predicate of [Mitchell's] claim [] could have been discovered." 28 U.S.C. §2244(d)(1)(D).

For the reasons explained below, the court finds that Mitchell's petition was not filed within the AEDPA's applicable statute of limitations period. Therefore, the Motion to Dismiss is being allowed.

II. ANALYSIS

Under §2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). Pursuant to §2244(d)(2) the limitation period may be "tolled . . . while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Rodriquez v. Spencer, 412 F.3d 29, 31 (1st Cir. 2005) (quoting 28 U.S.C. §2244(d)(2)).

"AEDPA's standard limitation period for habeas petitions runs one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Breese v. Maloney, 322 F.Supp.2d 109, 112 (D. Mass. 2004)(quoting 28 U.S.C. §2244(d)(1)(A)). In this case, the SJC denied Mitchell's application for further appellate review after his direct appeal on April 24, 1995. See Commonwealth v. Mitchell, 439 Mass. at 1112. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, Mitchell's conviction became final on July 24, 1995. See

4

Clay v. United States, 537 U.S. 522, 527 (2003) (discussing finality for purposes of post conviction relief).

A petitioner whose conviction became final prior to the AEDPA's April 24, 1996 effective date is accorded a period of one year after the effective date of the AEDPA in which to file a first §2254 petition. Accordingly, as applied to convictions pre-dating the passage of the AEDPA, the standard limitation period expires on April 24, 1997. See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (per curiam).

In the instant case, Mitchell did not seek any post-conviction relief until moving for a new trial on July 21, 1997, approximately three months after the one year grace period had expired. See S.A. at 4-6. Therefore, Mitchell's right to seek review under §2254 was time-barred when he moved for a new trial on April 24, 1997 unless one of the alternate limitation periods specified in §2244(d)(1)(B)-(D) applies. Mitchell concedes that his habeas petition would be time-barred under §2244(d)(1)(A) when he writes in his Opposition to the Motion to Dismiss that:

> [a]lthough [the] petition for writ of habeas corpus
> is time-barred by three months, [it is] respectfully
> argue[d] that . . . 28 U.S.C. §2244(d)(1)(D) . . .
> should apply to [this] case.

See Petitioner's Opposition to Respondent's Motion to Dismiss at 3.

As described earlier, pursuant to §2244(d)(1)(D), the AEDPA's one-year statute of limitations may run from "the date on which the

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The instant habeas petition relies on the SJC's 1998 decision in Acevedo, 427 Mass. at 715-16, for the proposition that Mitchell's conviction is unlawful because the trial judge gave an erroneous instruction on the Commonwealth of Massachusetts' burden of proof with regard to manslaughter. See Petitioner's Opposition to Government's Motion to Dismiss at 7-10. As a consequence, Mitchell asserts that the issuance of the Acevedo decision on July 2, 1998 is a factual predicate which could not have been discovered through the exercise of due diligence. If he were correct, and the limitation period ran from July 2, 1998 as opposed to April 24, 1997, the instant petition might not be time-barred because Mitchell moved for post-conviction relief within a year of July 2, 1998 and, therefore, tolled the one-year period pursuant to §2244(d)(2). See Wims v. United States, 224 F.3d 189, 189 (2nd Cir. 2000) (noting that the provisions of §2255(4), which are analogous to §2244(d)(1), reset, as opposed to toll, the one year limitation period and that petitioners therefore have one year from the date on which the factual predicate was reasonably discoverable to file a timely petition).

The alternative statute of limitations period specified in §2244(d)(1)(D) does not apply in this case, however, because a decision by a state court in a case to which a habeas petitioner is

not a party is not a factual predicate to a habeas claim under §2244(d)(1)(D). See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (holding that §2244(d)(1)(D) is not triggered upon court rulings or discovery of the legal consequences of facts); Shepherd v. Crosby, 2005 WL 1278863, *3 (N.D. Fla. 2005). In Shannon, the Ninth Circuit explained why the alternative limitations period of §2244(d)(1)(D) is not triggered by a state court decision concerning abstract principles of law:

> Section 2244(d)(1)(D) refers to a "factual" predicate; the California Supreme Court's decision in [People v. ]Lasko[, 23 Cal.4th 101 (2000)] . . . clarified the law, not the facts. If a change in (or clarification of) state law, by a state court, in a case in which [a habeas petitioner] was not a party, could qualify as a "factual predicate," then the term "factual" would be meaningless.

410 F.3d at 1088.

In the instant case, the SJC's decision in Acevedo clarified the law with regard to the burden of proof for jury instructions on manslaughter by requiring that the Commonwealth of Massachusetts prove, beyond a reasonable doubt, that a defendant did not act with reasonable provocation. Acevedo, 427 Mass. at 715-17. The decision did not address, or even mention, the factual circumstances of Mitchell's case. Id. Therefore, the decision is not a factual predicate of Mitchell's claim and does not reset the one year statute of limitations period. See 28 U.S.C. §2244(d)(1)(D);

Shannon, 410 F.3d at 1088-89; Owens, 235 F.3d at 359; Shepherd, 2005 WL 1278863 at *3.

In his opposition to the government's Motion to Dismiss, Mitchell cites Easterwood v. Champion, 213 F.3d 1321, 1322-23 (10th Cir. 2003) for the proposition that, under §2244(d)(1)(D), the AEDPA's one year statute of limitations begins to run on the date when judicial opinions become available in prison law libraries.[1] See Petitioner's Opposition to Respondent's Motion to Dismiss at 10-11. The facts in Easterwood are materially different from those in this case and, therefore, do not alter the court's analysis.

In Easterwood, the petitioner, Easterwood, had been convicted of first degree murder. At trial, he pled not guilty by reason of insanity and the state produced a single expert, Dr. R.D. Garcia, who testified that Easterwood was sane. 213 F.3d at 1323. Several years later, the Tenth Circuit issued an opinion in Williamson v. Ward, 110 F.3d 1508, 1519 (10th Cir. 1997), which "discussed the fact that at the time of Mr. Easterwood's trial, Dr. Garcia was suffering from 'severe untreated bipolar disorder' which was possibly severe enough to 'impair and distort his diagnostic

---

[1] Mitchell also cites Wims v. United States, 224 F.3d at 189, as a case which follows the reasoning of Easterwood. Wims involves a habeas petitioner asserting an ineffective assistance of counsel claim based on his attorney's failure to timely appeal his conviction. Id. The case does not address, or even mention, whether the issuance of a state court decision may be a factual predicate to a habeas claim within in the meaning of 28 U.S.C. §2244(d)(1)(D) and, therefore, is not relevant to this analysis.

8

judgment.'" Easterwood, 213 F.3d at 1323 (citing Williamson, 110 F.3d at 1519).

In Easterwood, the issuance of the Williamson decision brought to light facts directly relevant to Easterwood's habeas petition. Here, by contrast, the SJC's decision in Acevedo does not implicate the facts of Mitchell's case and is, instead, relevant only for the abstract principles of law it announced. In these circumstances, a state court decision is not a factual predicate within the meaning of §2244(d)(1)(D). Rather, as in Shepherd, 2005 WL 1278863 at *3 n.4, "[t]he Easterwood case is distinguishable from the instant case in that [ ] Easterwood's claim relied on facts contained in the Williamson decision, whereas the petitioner in this case does not rely on the [the state court decision] for any fact discussed in that opinion." See also Shannon, 410 F.3d at 1088-89; Owens, 235 F.3d at 359.

In addition, although not discussed by the parties,[2] the court has considered the Supreme Court's recent decision in Johnson v. United States, 125 S.Ct. 1571, 1577 (2005). "Johnson establishes

---

[2] In its Motion to Dismiss, the government cites Bracket v. United States, 270 F.3d 60, 69 (1st Cir. 2001) as supporting its position that Mitchell's claim is time-barred. In Bracket, the First Circuit held that two state court decisions vacating prior convictions that had been used at a petitioner's sentencing were not factual predicates under §2244(d)(1)(D) and, therefore, could not toll the AEDPA's one year statute of limitations period. Id. at 69. The result in Bracket was abrogated by the Supreme Court's decision in Johnson v. United States, 125 S.Ct. 1571, 1577 (2005).

that a state-court decision can, in some circumstances, qualify as a fact." Shannon, 410 F.3d at 1088-89. More specifically, the Supreme Court held that a state-court decision vacating a prior conviction that had been used as a factor in sentencing was a factual predicate whose discovery reset the AEDPA's statute of limitations under §2244(d)(1)(D). Johnson, 125 S.Ct. at 1577.

Johnson does not, however, alter the analysis in the instant case. In Johnson, the state court decisions vacating the prior convictions were "facts" used to enhance the petitioner's sentence. Thus, the vacatur of the convictions was a factual predicate whose discovery had direct relevance to the petitioner's claim that his sentence was no longer lawful. Here, Mitchell does not, and cannot, argue that the issuance of the Acevedo decision was a "significant fact of his litigation history." Shannon, 410 F.3d at 1088. Instead, Mitchell relies on Acevedo solely as a "state court decision establishing an abstract proposition of law arguably helpful to [his] claim." Id. As the Ninth Circuit recognized in Shannon:

> There is . . . a crucial difference between Johnson and this case. In Johnson, the state court decision in question was a decision in the petitioner's own case. It did not merely establish an abstract proposition of law; rather, it directly eliminated Johnson's legal status as a convict. That status was a fact used to enhance his sentence. In this case, by contrast, the [state court] decision . . . was unrelated to Shannon's case and had no direct effect on his legal status.

10

Id.

Like the petitioner in Shannon, Mitchell relies on a state court decision for its legal, as opposed to factual, significance. As a consequence, the Acevedo decision is not a factual predicate of Mitchell's claim and, therefore, its issuance does not trigger the alternate limitation period described by §2244(d)(1)(D). Shannon, 410 F.3d at 1088-89; Owens, 235 F.3d at 359; Shepherd, 2005 WL 1278863 at *3.

Finally, Mitchell also argues that the AEDPA's one year statute of limitations may also begin from the date of the issuance of Acevedo pursuant to §2244(d)(1)(C), which states that the limitation period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court." In this regard, Mitchell contends that the statute of limitations should run from July 2, 1998, when the SJC held in Acevedo that the Commonwealth of Massachusetts has the burden of proving that a defendant charged with murder did not act on reasonable provocation. This argument, however, is precluded by the plain language of §2244(d)(1)(C), which provides that a newly recognized constitutional right tolls the AEDPA's limitations period only if the right was recognized by the Supreme Court. See 28 U.S.C. §2244(d)(1)(C). As the Tenth Circuit wrote in Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000), "[a] habeas petition

11

may be filed within a year of 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" Id. (emphasis in original) (citing 28 U.S.C. §2244(d)(1)(C)).[3]

Because neither of the limitations periods specified in §2244(d)(1)(C) or (D) are applicable to this case, the AEDPA's one year statute of limitations expires on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). In light of the one year-grace period following the AEDPA's passage, the statute of limitations expired in this case on April 24, 1997. See Gaskins, 183 F.3d at 9. Mitchell did not seek any post-conviction relief that would toll any unexpired part of the limitations period until July 21, 1997. Accordingly, the AEDPA's statute of limitations period had expired when the instant habeas petition was filed on April 24, 2004. Therefore, it is time-barred and is being dismissed.

---

[3] Because Acevedo was not decided by the United States Supreme Court, it's issuance does not implicate §2244(d)(1)(C). Therefore, the court does not reach the question of whether Acevedo announces a "watershed rule of criminal procedure" and whether its application has been made retroactively applicable to cases on collateral review. See 28 U.S.C. §2244(d)(1)(C); Teague v. Lane, 489 U.S. 288 (1989); Sepulveda v. United States, 330 F.3d 55, 66 (2003) (noting that Teague's requirements apply to every provision of federal habeas law, including the tolling provisions of 28 U.S.C. §2244(d)(1)(C) and §2255.).

III. ORDER

In view of the foregoing, it is hereby ORDERED that respondent Luis Spencer's Motion to Dismiss (Docket No. 5) is ALLOWED and this case is DISMISSED.

```
                              /s/ Mark L. Wolf
                           UNITED STATES DISTRICT JUDGE
```